# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1101 | **DATE** | March 15, 2013 |
| **CASE TITLE** | Keith Ternoir (B7-564) vs. Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes the trust fund officer at Plaintiff's place of confinement to deduct $12.93 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Illinois River Correctional Center. However, summonses shall not issue. The complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(1) for failure to state an actionable federal claim and lack of federal subject matter jurisdiction. The dismissal is without prejudice to Plaintiff bringing his claim in state court. The case is closed. Plaintiff's motion for appointment of counsel [4] is denied as moot.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

     Plaintiff, Keith Ternoir, a prisoner at the Illinois River Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.
     Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $12.93. The trust fund officer at the Illinois River Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The trust fund officer shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.
     Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint.
     Plaintiff alleges that on April 27, 2012, he, and several other prisoners, were being transported on two buses from Cook County Jail to Stateville Correctional Center. While traveling down Interstate 55, the first bus significantly reduced speed and the second bus, in which Plaintiff was a passenger, rear-ended the first bus. Plaintiff alleges that he suffered injury to his body and neck from the collision. Plaintiff alleges that the operator of his bus failed to observe and adhere to normal driving conditions and state regulations, thereby he was unable to avoid the "unforseen collision-accident." Plaintiff also takes issue with the lack of seatbelts on the bus.
     Plaintiff's allegations fail to state a federal claim. While Plaintiff may have sufficiently alleged a negligence claim based on the alleged negligent driving of the bus driver(s), any negligence claim based on the accident fails to form the basis of a Section 1983 claim as it fails to rise to a constitutional violation. Mere negligence nor gross negligence are sufficient to give rise to liability under Section 1983. *See Harris v. Kuba*, 486 F.3d 1010, 1014 (7th Cir. 2007) (Section 1983 liability cannot be based on negligence); *Lewis v. Anderson*, 308 F.3d 768, 773 (7th Cir. 2002). Furthermore, a failure either to provide seatbelts or to secure available seatbelts does not, by itself, does

|  STATEMENT  |
|---|

constitute a substantial risk of serious harm rising to the level of a constitutional violation. *See Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902, 906 (8th Cir. 1999) (failure to provide seatbelts or other safety restraints in patrol wagon did not constitute policy that presented a substantial risk of serious harm); *Smith v. Secretary for the Dep't of Corrections*, 252 Fed. Appx. 301, 303-04 (11th Cir. 2007) (failure to fasten inmate's seatbelt in converted utility van does not constitute a substantial risk of serious harm); *Dexter v. Form Motor Co.*, 92 Fed. Appx. 637, 643 (10th Cir. 2004) ("failure to seatbelt an inmate does not violate the Constitution"); *Walls v. Kaho*, No. 5:06cv188, 2009 WL 90117, at *2 (S.D. Miss. Mar. 31, 2009) (Parker, J.) (policy of refusing to seatbelt inmates during transport does not give rise to a cognizable constitutional claim); *Hughes v. Widup*, No. 2:07CV290, 2008 WL 56003, at *3 (N.D. Ind. Jan. 3, 2008) (Lozano, J.) (failure to seatbelt handcuffed and shackled inmate was not a constitutional violation); *Young v. Hightower*, No. 04-10309, 2007 WL 2214520, at *6 (E.D. Mich. Jul. 27, 2007) (Lawson, J.) (refusing to seatbelt shackled prisoner does not constitute an excessive risk to the inmate's health or safety); *Mojet v. Transport Driver*, No. 06:cv321, 2006 WL 3392944, at *2 (N.D. Ind. Nov. 22, 2006) (Springman, J.) (transporting inmates in vehicles without seatbelts did not meet deliberate indifference standard).

      While the Court is required to liberally construe Plaintiff's complaint, the Court discerns no other federal claims based on the allegations in the complaint. According, Plaintiff's complaint is dismissed for failure to state a federal claim. The dismissal is without prejudice to Plaintiff bringing his claim in state court.